In the Matter of the Application of JAMES STANLEY, Petitioner, for an Order against BOARD OF APPEALS OF THE VILLAGE OF PIERMONT and Others, Respondents.

Supreme Court, Rockland County, July 1, 1938.

*George R. Lanchantin,* for the petitioner.

*Henry V. Stebbins,* for the respondent board of appeals of the village of Piermont.

*Kennedy, Teale & Kennedy,* for the respondent Pagnozzi.

*Benjamin Levison,* for Charles Kemmel and wife, interveners.

ALDRICH, J.   Upon notice to the respondents, the board of zoning appeals of the village of Piermont in Rockland county, and Carmine Pagnozzi and wife, in accordance with article 78 of the Civil Practice Act, as amended, the petitioner, James Stanley, applied at a Special Term held in Rockland county on June 20, 1938, upon the petition and notice of motion, for a corrective order that a decision of the board of appeals be reviewed and corrected on the merits, such decision reversed and the order set aside and for other relief.   Upon the return of the application the respondents raised an objection to the maintenance of the application, upon the ground that such application has not been presented to the court within the period of thirty days as provided by section 179-b of the Village Law, which the court thereupon regarded as an objection in point of law under section 1293 of the Civil Practice Act.   At the same time, by the consent of all parties, Charles Kemmel and wife were permitted to intervene under section 1298 of the Civil Practice Act and such parties, through their attorney, thereupon joined in the point of law raised by the respondents.   No answer has been served by any of the opposing parties under section 1291 of the Civil Practice Act.   This preliminary question of law must be first disposed of.

Section 179-b of the Village Law, with reference to a petition for what is therein referred to as a writ of certiorari, provides that " such petition must be presented to the court within thirty days after the filing of the decision in the office of the board."   The petition was presented, as stated, at a Special Term on June twentieth upon notice.   The petition does not purport to give the date upon which the decision of the board of appeals was rendered but it does set forth that " the Board of Appeals in a two to one decision decided against your petitioner and affirmed the action of the Board of Trustees of the Village of Piermont, and granted a permit."   The opposing affidavit of Edward Keating, therein described as " a member of and the secretary of the Board of Appeals," filed in support of the legal objection, specifically states that " the decision of said Board of Appeals upon the petitioner's appeal was filed in the office of the Board on March 4, 1938."   Under ordinary circumstances the court would have regarded this as definite proof of the date from which the thirty days provided for in section 179-b of the Village Law should be computed, which would have left for determination then the legal question of whether the thirty-day provision has been abrogated by the recent revision of article

78 of the Civil Practice Act specifying four months as the period within which an application for a corrective order must be presented. Upon examination of the memorandum submitted on behalf of the petitioner the court noted therein a statement as follows: " As a matter of fact the petitioner denies that the decision was ever filed but admits that it was made; the facts are that two members of the board gave written decisions and the third member dictated his decision which was the one that decided the case against the petitioner and this decision was never transcribed or filed according to the petitioner's information."

Upon this apparent conflict, indicating a question of fact, the court of its own motion, pursuant to section 1294 of the Civil Practice Act, directed that the possible omission in the papers with respect to the alleged filing of the decision be corrected by furnishing to the court a certified transcript of all the papers and proceedings of the board of appeals in the office of the board with respect to such alleged decision. These papers have been submitted and considered as a part of the application. In the view which the court takes of the law and the facts as indicated by the complete record, it is not necessary to pass upon the question whether the thirty-day provision of the Village Law has been abrogated by the four months' provision of the Civil Practice Act. It is the opinion of this court upon the record submitted that even the thirty-day period has not yet started to run. An explanation of this reasoning requires a statement of the facts and circumstances as indicated by the transcript of the record and of the provisions of the law with reference to such subject-matter. By section 179-b of the Village Law a board of zoning appeals is provided for. The statute then provides: " Such board shall keep minutes of its proceedings, showing the vote of each member upon every question, or if absent or failing to vote, indicating such fact, and shall also keep records of its examinations and other official actions. Every rule, regulation, every amendment or repeal thereof, and every order, requirement, decision or determination of the board shall immediately be filed in the office of the board and shall be a public record." The section further provides: " The board of appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from and shall make such order, requirement, decision or determination as in its opinion ought to be made in the premises and to that end shall have all the powers of the officer from whom the appeal is taken." Later in the section there appears with reference to the subject of certiorari the above quoted provision: " Such petition must be presented to the court within thirty days after the filing of the decision in the office of the board."

What does this language " be filed in the office of the board " and " thirty days after the filing of the decision in the office of the board " mean? The most accurate definition of filing a paper is that it is its delivery to the proper officer to be kept on file. (*Meridian National Bank* v. *Hoyt & Bros. Co.*, 74 Miss. 221; 21 So. 12.) It means placing a paper in the proper official's custody by the party charged with this duty, presenting a paper at the proper office and leaving it there, bringing the paper and depositing it with the officer for keeping, and the term imports that the paper shall remain with the clerk as a record. (25 C. J. p. 1126, § 5.) There can be no filing of a paper in a legal sense except by its delivery to an official whose duty is to file papers and who is required to keep and maintain an office or other public place for their deposit, and the paper must either be delivered to such officer with the intent that the same shall be filed by him, or delivered at the place where the same should be filed. (2 Words and Phrases [2d], p. 531, quoted with approval in *Piersol* v. *State*, 122 Okla. 124; 254 P. 104, which is in turn, quoted with approval in *State ex rel. Hunzicker* v. *Pulliam*, 168 Okla. 632; 37 P. [2d] 417.) The object of filing is to deposit the document in a public place so that it may be seen and examined by any person interested, and there can be no filing of a paper in a legal sense except by its delivery to an official whose duty is to file papers and who is required to keep and maintain an office or other public place for their deposit. (*Matter of Lance*, 55 Misc. 13, 19.) A document may be said to be filed with an officer when it is placed in his official custody, and deposited in the place where his official records and papers are usually kept. (*Albany Builders' Supply Co.* v. *Eastern Bridge & Structural Co.*, 235 N. Y. 432, 437.) The clerk of a board is the representative not merely of one member, but of all. A document is filed when delivered in a public office to the custodian of the records thereof. (*Albany Builders' Supply Co.* v. *Eastern Bridge & Structural Co.*, supra, at p. 438.) The word " file " means to deliver the paper or instrument to the proper officer so that it is received by him to be kept on file among the records of his office. (*Cheesman* v. *Cheesman*, 203 App. Div. 533.) A paper is said to be filed in a public office when it is delivered to the proper officer and by him received to be kept on file. (*President & Directors of Manhattan Co.* v. *Laimbeer*, 108 N. Y. 578, at p. 581.)

The decision in question is claimed to have been made at the meeting of the board of appeals held on March 4, 1938. The transcript furnished comprises three documents. The first is a certified copy of the minutes of the meeting of March 4, 1938. The second is a certified copy of an order dated February 4, 1938, of two members of the board of appeals, which after certain recitals,

etc., concludes as follows: " Upon such modification the order, decision or determination appealed from is hereby affirmed." The third is a certified copy of a dissenting opinion of the remaining member of the board. These papers are certified by one of the members of the board who signs the certificate in each case as " secretary." Each certificate says that such respective document was filed with him on March 4, 1938. It does not appear that the alleged decision, dissenting opinion or minutes were ever filed in the office of the village clerk. It is quite apparent that this board of appeals assumed the authority to designate a secretary of the board, that such secretary kept the minutes, and that all of the papers with reference to the subject-matter in question came into his possession on March 4, 1938, but that none of them were ever delivered to or filed with the village clerk.

If this board of appeals has by law a clerk, then in order to constitute the filing in the office of the board provided for by the statute, there would have to be the delivery thereof to such clerk of the board for filing and preservation among his records as such clerk. The attention of the court has not been called to any special act of the Legislature which in any way modifies the general provisions of the Village Law on this subject, and the court, therefore, assumes that there is no such special act. It will be noted that section 179-b of the Village Law does not grant by any specific provision thereof to the board of appeals any authority to appoint a clerk or secretary thereof although it does provide for a chairman of such board. This difference in the authority of the board of appeals is quite understandable when section 43 and section 82 of the Village Law are examined. Every village is required to have a clerk (§ 43). The clerk of each village shall, subject to the direction and control of the board of trustees, have the custody of the corporate seal, and of the books, records and papers of the village, etc. He shall act as clerk of the board of trustees and of each board of village officers, and keep a record of their proceedings (§ 82). The language of section 82 which makes the clerk of the village also the clerk " of each board of village officers " applies to the board of appeals. That board is a board of village officers provided for by law and exercising the functions and powers granted by law. The clerk of the village being also the clerk of the board of appeals, it is clear that the intention of the Legislature by section 179-b of the Village Law is that the decision of the board of appeals must be filed with the village clerk as the clerk of the board and such filing with the village clerk constitutes the filing " in the office of the board " by that section required. So interpreted, the thirty-day period of

limitation has never commenced to run. This application is, there-fore, well in time. It is, in fact, premature, because the decision of the board of appeals has never yet been filed as required by the statute. Until so filed, it has not passed beyond the power and control of the board.

Under such circumstances what form of order should be granted upon this application? It is, of course, the duty of the board of appeals to determine the application and upon such determination to " immediately " file the same. It is also the duty of the board to keep minutes of its proceedings " showing the vote of each member upon every question " and records of its " other official actions." The minutes presented do not specifically show that any formal vote was ever taken by the board upon any determination of this appeal. It may be reasoned out from the minutes and the other two documents that had a formal vote been taken two members of the board would have voted to modify and affirm the order appealed from and the other member of the board would have voted to reverse. But the minutes do not actually show any such procedure. The document signed by the two members is signed by them individually and does not purport to be a formal order based upon a formal determination by the board as a body. In addition, it is dated one month before the meeting was held. It is well settled that the acts of individuals of a public board, although constituting in numbers a majority of the board, are not equivalent in them-selves to formal action by the board as a public body.

By the Civil Practice Act the court is directed upon such an application to render a final order granting the petitioner the relief to which it deems he is entitled and if the proceeding is brought to review a determination the court may direct appropriate action by the respondents. (Civ. Prac. Act, § 1300.) The appropriate order upon this application appears to bè as follows:

(1) The board of appeals will be directed forthwith to convene as such board and thereupon to either, (a) if such board of appeals claims to have taken formal action upon the appeal at the meeting of March 4, 1938, then to correct the minutes of such meeting to show the " official action " so taken and " the vote of each member upon every question " with respect to the appeal then pending before the said board, and upon the correction of such minutes to immediately file the order, decision or determination of the board upon such appeal in the office of the board by delivery thereof to the village clerk for filing among his records as the clerk of such board; or, in the alternative, (b) if such board of appeals does not claim to have taken official action upon the appeal at the said meeting of March 4, 1938, that such board forthwith proceed to

consider and determine such appeal, keeping the proper record of its proceedings, the votes of the members and official action as required by the statute, and upon such determination thereof to immediately file the order, decision or determination of the board in the office of the board by delivery thereof to the village clerk for filing among his records as clerk of such board.

(2) The board of appeals will be directed to make return of its proceedings in pursuance of such order to this court, by filing such return, duly verified, with the clerk of the county of Rockland within ten days after the entry and service of this order upon such board in the manner provided for by law.

(3) The application for a corrective order to review the determination of the board of appeals will be denied, without prejudice to a new application, if desired by the petitioner, when the determination of the board of appeals is made and filed in accordance with said order.

Settle order on two days' notice at chambers, Poughkeepsie.

All papers submitted upon this application have been forwarded to the Rockland county clerk for filing.