In the Matter of FORRESTER W. PIERCE, Petitioner, against GEORGE H. MANNION et al., Constituting the Board of Zoning Appeals of the Village of Roslyn, Respondents.

Supreme Court, Special Term, Queens County, October 13, 1943.

*Milton Pinkus* for petitioner.

*Frank T. Jennings, Jr., Village Attorney*, for respondents.

KADIEN, J. The petitioner has instituted this proceeding pursuant to article 78 of the Civil Practice Act, wherein he seeks an order directing the Board of Zoning Appeals of the Village of Roslyn to correct the minutes of its meeting of August 16, 1943, to show the adoption of a resolution reversing the order, decision and determination of the Superintendent of Public Works which denied petitioner a certificate of occupancy for the use of certain premises as a school, and to direct the issuance of such a certificate, and directing the said superintendent of Public Works to issue such a certificate of occupancy, and for such other and further relief as may be just and proper.

According to the opposing affidavit of the Village Clerk, who, by virtue of section 82 of the Village Law is also the Clerk of the Board of Appeals, the entire Board met for deliberation at the Village Hall on August 16, 1943, at 8 P. M.; " that after some deliberation a ballot was taken; that by the provisions of the Zoning Ordinance of said Village, a vote of four to one is necessary for a decision; that said first ballot being indecisive, deliberation was continued; that a subsequent ballot was still indecisive; that deliberations and balloting continued; that several ballots having been had and no decision having been reached, and it appearing that the Board was hopelessly deadlocked, and it being the expressed opinion of the members of the Board that further deliberation would be of no avail, said Board decided that, as a vote of the proper quantum could not be obtained, the Board would render no decision." It would appear from the foregoing that the appeal board has not yet made and filed, in accordance with law, a final decision reviewable by this court under article 78 of the Civil Practice Act. (See *Matter of Stanley* v. *Board of Appeals of Piermont*, 168 Misc. 797.)

It was the duty of the appeal board either to " reverse or affirm, wholly or partly, or * * * modify the order, requirement, decision or determination appealed from and * * * make such order, requirement, decision or determina-

tion as in its opinion ought to be made  \*  \*  \*." (Village Law, § 179-b.) It did none of the foregoing but decided to render no decision whatsoever because the number of votes required by the provisions of the zoning ordinance of the village to grant the resolution had not been cast. Until such a formal decision has been made and filed with the Clerk of the Board, this court does not perceive how it can take jurisdiction in the matter.

Since section 1300 of the Civil Practice Act enables this court to grant the petitioner the relief to which he deems he is entitled and direct appropriate action by the respondents (*Matter of Stanley* v. *Board of Appeals of Piermont, supra,* p. 802), the court will direct the respondents constituting the Board of Zoning Appeals of the Village of Roslyn to convene as such Board within ten days of the service of the order hereon and thereupon, if such Board claims to have taken formal action upon the appeal at the meeting of August 16, 1943, to correct its minutes of such meeting to show the official action taken, and the vote of each member upon every question with respect to the appeal then pending before the Board, and upon the correction of such minutes to immediately file the order, decision or determination of the Board upon such appeal in the office of the Board by delivering a copy thereof to the Village Clerk for filing among his records as the Clerk of such Board, or, in the alternative, if such Board does not claim to have taken official action upon the appeal at said meeting, that it proceed to consider and determine such appeal, keep the proper record of its proceedings, the votes of its members, and the official action as required by the statute, and upon such determination thereof to immediately file the order, decision or determination of the Board in the manner above set forth. After the respondents have taken formal action on the appeal, as above indicated, the petitioner will be in a position to have such determination in all its aspects reviewed by this court in the manner prescribed in article 78 of the Civil Practice Act. Such a review at this time is premature and is denied without prejudice.

Settle order on notice.