Donald J. Mark, J.
This summary proceeding under article 7 of the Real Property Actions and Proceedings Law was commenced Wednesday, October 3, 1973 by personal service of a notice of petition and petition upon the Secretary of State as agent of the respondent pursuant to CPLR 311 (subd. 1). On Tuesday, October 9,1973, petitioner delivered his moving papers to the chambers of the County Court Judge who was presiding over the Special Term Calendar.
Respondent asserts as his first affirmative defense that petitioner has not filed his moving papers in accordance with subdivision 2 of section 735 of the Real Property Actions and Proceedings Law, which provides as follows: “ The notice of petition * * * and petition together with proof of service *323 ■thereof shall he filed wih the court or clerk thereof within three days after; (a) personal delivery to respondent ”.
If the delivery of the afore-mentioned papers can he considered a “ filing ” then such filing was timely, for the date of service, October 3,1973, Saturday, Sunday and Monday (Columbus Day — legal holiday), October 6, 7 and 8, 1973, must be excluded from the computation of the three-day filing period (General Construction Law, § 20).
The next question to be resolved is whether the delivery of the aforesaid papers to the County Court Judge is a “ filing ”, since the aforesaid statute requires that the proper papers be filed “ with the court or clerk thereof”.
Section 525 of the County Law provides as follows: “ 1. The county clerk shall perform the duties prescribed by law as register, and be the clerk of the supreme court and clerk of the county court within his county”. “2. He shall provide * * * necessary equipment for the filing, recording and depositing of documents, maps, papers in actions and special proceedings of both civil and criminal nature ”.
The best definition of filing is contained in Matter of Stanley (168 Misc. 797). The court there stated, inter alia (p. 800): “ The object of filing is to deposit the document in a public place so that it may be seen and examined by any person interested, and there can be no filing of a paper in a legal sense except by its delivery to an official whose duty is to file papers and who is required to keep and maintain an office or other public place for their deposit ’ ’.
Worden v. State of New York (2 Misc 2d 955, 957), citing the Stamley case, and other cases succinctly defines a “ filing ” as “ the delivery of a document to a specified officer for permanent keeping as a notice and/or record in the place where his official records and papers are kept.”
Based upon the above, it becomes quite apparent that the delivery of the petitioner’s moving papers to the said County Court Judge instead of the County Clerk was not a filing within meaning of subdivision 2 of section 735 of the Real Property Actions and Proceedings Law and that therefore, the said statute has not been complied with.
A summary proceeding is a specal proceeding governed entirely by statute and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction (Goldman Bros. v. Forester, 62 Misc 2d 812). The following cases have construed this proposition as applied to facts identical to the instant case.
*324 In Matter of Garrison v. Abrams (57 Misc 2d 417), the moving .papers were filed after the required three-day period, and the court held that this was a jurisdictional defect which deprived the court of jurisdiction to entertain the summary proceeding. The facts were the same in Oliviero v. Duran (70 Misc 2d 882), and the decision would likewise have been the same except that the defect was waived because the tenant failed to assert this affirmative defense (unlike this case).
Accordingly, since there was a failure to file the proper papers in violation of subdivision 2 of section 735 of the Beal Property Actions and Proceedings Law, this court is deprived of jurisdiction and hereby dismisses this proceeding without prejudice to the commencement of a new proceeding based upon proper service and filing, without costs.