■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MORRIS, Appellant. — Appeal by defendant from two judgments of the Supreme Court, Westchester County (Wood, J.), both rendered July 7, 1982, one convicting him of robbery in the third degree and grand larceny in the second degree, under indictment No. 81-00359-01, and the other convicting him of burglary in the third degree, attempted grand larceny in the second degree, criminal mischief in the fourth degree and possession of burglar's tools, under indictment No. 81-01211-02, upon his pleas of guilty, and imposing sentence.

Judgments affirmed.

By pleading guilty, defendant forfeited any right to appellate review of the denial of his motion to dismiss indictment No. 81-00359-01 on the ground that the People were not ready for trial within the period prescribed by CPL 30.30 (*see, People v O'Brien,* 56 NY2d 1009; *People v Howe,* 56 NY2d 622; *People v Friscia,* 51 NY2d 845). Moreover, "our interests of justice powers (see CPL 470.15, subd 6) [do not] authorize review of issues waived by a plea of guilty (*People v Howe,* 56 NY2d 622)" (*People v Macy,* 100 AD2d 557). Defendant's further claim that the issue was preserved at the time he entered his pleas is without merit. "A defendant cannot by a unilateral recital of an intention or desire to preserve a legal contention evade what would otherwise be the consequences of his guilty plea" (*People v Mack,* 53 NY2d 803, 806). The record does not support the contention that defendant had secured the consent of the prosecutor and the approval of the court to preserve his statutory speedy trial claim for appellate review. In any event, such attempt at preservation would have been ineffectual (*People v O'Brien, supra,* at p 1010).

In addition, the claim that the pleas were involuntary has not been preserved for our review (CPL 470.05 [2]; *People v Pellegrino,* 60 NY2d 636; *People v Willie,* 101 AD2d 819) and we find no reason to set the pleas aside in the interest of justice. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.