■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY STEPHENS, Appellant.—(Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant was indicted for robbery and other crimes, and successfully moved to

suppress his statement upon a determination by the hearing court that he sustained physical injury at the hands of the police, either at the time he was taken into custody or thereafter at the police station, or both. The court found that the People failed to account for the injuries, creating reasonable doubt as to the voluntariness of defendant's statements.

Shortly after the suppression decision was rendered, defendant was indicted for four counts of first degree perjury (Penal Law § 210.15) based on testimony at the suppression hearing concerning his interrogation at the Syracuse Police Department in the early morning hours of September 10, 1982. The first count alleged that he falsely testified that Sergeant Mrozienski told him, "You ain't got no right to call no lawyer." The second count alleged that he falsely testified that he had repeatedly asked for a lawyer. The third count alleged that defendant falsely testified that, while being interviewed by Sergeant Mrozienski, police officers pulled guns and stomped on him. The fourth count alleged that defendant falsely testified that he made oral admissions while he was being held on the floor and beaten.

Defendant moved unsuccessfully to dismiss the perjury indictment in the interest of justice, pursuant to CPL 210.40, and further moved to dismiss the third and fourth counts on the ground that relitigation of issues determined by the suppression court was barred by the doctrines of res judicata and collateral estoppel. With respect to the interest of justice argument, defendant contended that he had been indicted for contradicting statements of police officers. The People responded that defendant's interrogation on the robbery had been videotaped and that the indictment was based on contrasting the videotape with his *Huntley* hearing testimony.

Subsequent to motion argument on the perjury indictment, defendant was tried and convicted on the robbery indictment. Three witnesses testified for the defense, but defendant himself did not testify.

On the date scheduled for sentencing on the robbery charges, defendant pleaded guilty to the first count of the perjury indictment. He waived delay in sentencing, so that sentences on both convictions were imposed immediately following the plea.

On this appeal, defendant challenges both convictions. There is no merit to his contention that he was deprived of a fair trial on the robbery indictment. With respect to the perjury indictment, defendant now argues for the first time

that his guilty plea should be set aside, and the indictment dismissed as a matter of discretion in the interest of justice.

We are precluded from considering the merits of defendant's claim. "[W]here defendant has by his plea admitted commission of the crime with which he was charged, his plea renders irrelevant his contention that the criminal proceedings preliminary to trial were infected with impropriety and error; his conviction rests directly on the sufficiency of his plea, not on the legal or constitutional sufficiency of any proceedings which might have led to his conviction after trial *(People v Lynn,* 28 NY2d 196, 201). The rationale and objective of appellate reversal of a trial conviction because of misconduct on the part of a prosecutor is not to discipline or punish the prosecutor but to protect the rights of the defendant and to assure that his conviction has not been accomplished by impermissible means. This rationale and objective would not be served by the vacatur of a conviction based on the defendant's plea of guilty" *(People v Di Raffaele,* 55 NY2d 234, 240).

A claim of selective or vindictive prosecution is among the claims forfeited by a guilty plea *(People v Taylor,* 65 NY2d 1, 5; *People v Rodriguez,* 55 NY2d 776, 777). This court lacks power to review in the interest of justice issues waived by a guilty plea *(People v Howe,* 56 NY2d 622; *People v Morris,* 111 AD2d 414; *People v Macy,* 100 AD2d 557). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.— robbery, first degree, and other offenses.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.