OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on applications by both the District At *468 torney and the Capital Defender. The defendant seeks to end the case, admit his guilt of the charge of murder in the first degree, waive his right to appeal and receive a sentence of life imprisonment without the possibility of parole. The District Attorney seeks to withdraw the notice of intent to seek the death penalty and recommend a sentence of life imprisonment without parole.
The defendant has acknowledged that he is aware of the recent Court of Appeals decision and in what manner it affects his constitutional rights (Matter of Hynes v Tomei, 92 NY2d 613 [1998]). He has indicated that he wishes to withdraw his plea of not guilty, give up his constitutional rights and admit that on November 21, 1997 he did intentionally cause the death of Randall McClellan while in the course of commission of a robbery. He also acknowledges that he understands the consequences of pleading guilty to the charge of murder in the first degree, that he is represented by counsel, that he has discussed this matter with him in great detail and understands all the rights which he gives up by pleading guilty, including but not limited to:
• the right to a jury trial which would be conducted in two phases: a guilt phase and a sentence determination;
• at the sentence determination proceeding the right to present any and all mitigating evidence on his behalf;
• the right to a sentencing determination of death by lethal injection, life without parole or if the jury was unable to reach a verdict, a sentence of 20 to 25 years to life;
• the right to appeal any and all issues presently known or unknown at this time. This includes but is not limited to the right to appeal all decisions issued by the court as a result of pretrial motions and this plea.
The defendant further acknowledges that he has a complete understanding of his rights, has voluntarily given up all his rights and that such waivers are knowing, voluntary and intelligent. He is greater than 18 years of age, has completed the twelfth grade and has no difficulty reading or writing English. He has asserted no mental or physical illness nor is under the influence of any drugs or alcohol except that he is under the care of a doctor for depression and takes medication. Such medication does not affect his ability to understand what the proceedings are and the consequences of entering a plea of guilty. He signed in court a four-page plea agreement and col *469 loquy form with the attached three-page confession. The defendant states that he enters the plea because he is genuinely remorseful. He does not wish the families, his own and that of the victim, to endure the trial of this heinous crime. He is aware of the strength of the evidence which the District Attorney has in this case. He also does not wish to face the possibility of the death penalty.
The District Attorney in open court has served a written withdrawal of his notice of intent to seek the death penalty and the defendant has agreed to enter a plea of guilty to murder in the first degree. The District Attorney specifically conditions the withdrawal of the notice of intent to seek the death penalty upon the entry of a plea of guilty and reserves the right to reinstate the notice if the plea is not entered or is withdrawn.
The issue before this court is whether there is authority to accept the plea of guilty under the circumstances of this case. The Court of Appeals has declared certain plea provisions of the New York State Death Penalty Law as unconstitutional under circumstances where a defendant seeks to enter a plea of guilty while a notice of intent to seek the death penalty is pending (see, Matter of Hynes v Tomei, supra [striking CPL 220.10 (5) (e); 220.30 (3) (b) (vii)]). The Court of Appeals struck the plea provisions relating to death penalty cases because the United States Supreme Court has held that needless encouragement of guilty pleas constitutes a violation of the defendant’s constitutional rights (United States v Jackson, 390 US 570 [1968]). The New York State Court of Appeals, however, left intact the remaining plea provision holding that such provision is constitutional now that the other sections have been struck and severed (CPL 220.60 [2] [a]; Matter of Hynes v Tomei, supra, at 629). Thus there remains the opportunity to plead under the circumstances prescribed in the surviving statute when there is no notice of intent to seek the death penalty pending (CPL 220.60 [2] [a]; Matter of Hynes v Tomei, supra, at 628-629).
The United States Supreme Court has concluded, subsequent to its holding in the Jackson case (supra) that otherwise valid pleas are not involuntary if induced by a fear of the death penalty (see, North Carolina v Alford, 400 US 25 [1970]; Parker v North Carolina, 397 US 790 [1970]; Brady v United States, 397 US 742 [1970]).
Plea bargaining is a time-honored method of disposing of cases and the courts have recognized the validity of convictions *470 after a knowing, intelligent, and voluntary waiver of rights (see, Corbitt v New Jersey, 439 US 212 [1978]; People v Seaberg, 74 NY2d 1 [1989]). The Court of Appeals has not limited the rights which may be waived by a defendant except speedy trial claims, legality of sentence or competency to stand trial (People v Seaberg, supra, at 13; People v Armlin, 37 NY2d 167 [1975]; People v Blakley, 34 NY2d 311 [1974]; People v Francabandera, 33 NY2d 429 [1974]).
Further, the Court of Appeals held that “excision of the unconstitutional provisions does not prevent pleas of guilty to first degree murder when no notice of intent to seek the death penalty is pending” (Matter of Hynes v Tomei, supra, at 629). The Court specifically left untouched the remaining plea provisions in the penal statutes which permit a defendant “with both the permission of the court and the consent of the people [to] withdraw such plea * * * and enter: (a) a plea of guilty to part of the indictment” (CPL 220.60 [2] [a]). Under these circumstances the law provides for permissible sentences of life imprisonment without parole or a range of incarceration of 20 to 25 years to life (CPL 400.27 [1]; Penal Law § 70.00 [3] [a] [i]; [5]).
The defendant in this case has sought the court’s acceptance of a plea of guilty to murder in the first degree immediately after the withdrawal of the notice of intent to seek the death penalty. The defendant has set forth other valid reasons for the withdrawal of his not guilty plea.
The court therefore concludes that the plea may be accepted based upon the defendant’s knowing, intelligent and voluntary waiver of rights and consistent with the recent decision of the Court of Appeals and thus so orders the acceptance of the plea. The matter is adjourned for sentencing on February 3, 1999 at 9:30 a.m.