OPINION OF THE COURT
George R. Bartlett III, J.
The defendant moves to withdraw his plea of guilty to mur *565 der in the first degree (Penal Law § 125.27 [1] [a] [vi]; [b]) for the shooting death of Frank Arroyo on May 12, 1997. The People oppose the motion. The motion is denied in all respects for the following reasons.
The defendant, together with his brother and his brother’s girlfriend, was indicted for murder in the first and second degrees, conspiracy in the second degree and criminal possession of a weapon in the second degree in the shooting death of Frank Arroyo on May 12, 1997. A notice to seek the death penalty for all three defendants was filed by the District Attorney on January 26, 1998.[1] Following extensive pretrial motions and discovery, the matter was set for trial to commence on November 9, 1998. However, on October 16, 1998 with the consent of the People and the court and pursuant to a plea agreement entered into by the defendant and the District Attorney on the same date, the defendant withdrew his previous plea of not guilty to the charges set forth in the indictment and entered a plea of guilty to murder in the first degree.[2] The plea agreement calls for a sentence of 25 years to life imprisonment.
The defendant now argues that the Court of Appeals holding in Matter of Hynes v Tomei (92 NY2d 613), which declared the plea provisions of CPL 220.10 (5) (e) and 220.30 (3) (b) (vii) unconstitutional and struck the same from the New York State Death Penalty Law, has rendered the guilty plea invalid because at the time that the defendant “entered his plea of guilty”, the notice of intention to seek the death penalty was pending. The defendant’s reliance on Matter of Hynes v Tomei is misplaced due to his factual misinterpretation of the plea proceeding and to the rationale of United States v Jackson (390 US 570) and its progeny.
A motion to withdraw a plea of guilty is addressed to the sound discretion of the court. (CPL 220.60 [3].) On the motion the defendant must be afforded reasonable opportunity to present his position and the court must be able to make an informed determination as to whether the defendant, on a case-by-case basis, has made a knowing, voluntary and intelligent plea; the nature and extent of the fact-finding proceeding employed on the motion is left to the discretion of the court (People v Fiumefreddo, 82 NY2d 536, 543-544). Generally, a *566 guilty plea is valid if it is entered knowingly, voluntarily and intelligently (People v Fiumefreddo, supra).
Defendant Edwards has raised no issue regarding his plea except the alleged legal infirmity articulated in Matter of Hynes v Tomei (supra). He does not challenge his plea as involuntary or unknowing or unintelligent. Nor is there any indication, now or at the time of the guilty plea, that the defendant believes he is innocent. The defendant’s position is quite simply that Matter of Hynes v Tomei automatically requires withdrawal of this otherwise valid plea. On this purely legal issue, no hearing is required.
Upon careful review of the plea agreement and transcripts of the preplea conferences and the plea allocution, the court finds that the defendant offered his guilty plea with the understanding and upon the express agreement of the District Attorney that the notice of intent to seek the death penalty was to be contemporaneously withdrawn by the District Attorney at the plea allocution and that the notice of intent would not be refiled, even if the defendant did not live up to his agreement to cooperate with the District Attorney as spelled out in the plea agreement.
Mindful of the ruling in Jackson (supra) and of this State’s constitutional prohibition of the waiver of a defendant’s Sixth Amendment right to a jury trial in a capital case (see, People v Arroyo, Decision/Order on Motion A-17, Schoharie County Ct, Sept. 30, 1998, Bartlett III, J.), the court refused to accept a plea in which the notice of intent was not withdrawn until the time of sentencing. After some discussion and a recess, during which the defendant conferred with his attorney and the District Attorney considered his position, the District Attorney agreed to withdraw the notice of intent at the time of the plea and the plea agreement was amended accordingly.
Following the plea allocution by the defendant, the District Attorney withdrew the notice of intent to seek the death penalty. The court then, after considering the plea allocution of the defendant and the withdrawal of the notice of intent, accepted the guilty plea and allowed it to be entered. Consequently, when the plea was entered, the notice of intent had been withdrawn with no conditions attached which would allow for reinstatement. At the very least, the plea was allocuted in conjunction with the withdrawal of the notice of intent.
Matter of Hynes v Tomei (supra), relying on Jackson (supra), held that the plea provisions of the New York State Death Penalty Law needlessly encouraged guilty pleas in violation of *567 a defendant’s Fifth Amendment right against self-incrimination and Sixth Amendment right to a jury trial. However, the Court of Appeals specifically stated, “excision of the unconstitutional provisions does not prevent pleas of guilty to first degree murder when no notice of intent to seek the death penalty is pending, since defendants in that situation face the same maximum sentence regardless of how they are convicted * * * Thus, while a defendant may not plead guilty to first degree murder while a notice of intent to seek the death penalty is pending, plea bargaining to lesser offenses even when a notice of intent is pending or to first degree murder in the absence of a notice of intent, remains unaffected.” (Supra, at 630 [emphasis supplied].) Consequently, the court finds that defendant’s plea entered after the notice of intent was withdrawn, or entered in conjunction with the withdrawal of the notice of intent, remains valid under the precepts of Matter of Hynes v Tomei (see, People v Dyne, 179 Misc 2d 467 [NY County Ct]).
As the Court of Appeals further noted, the United States Supreme Court, in refusing to vacate guilty pleas entered under statutes invalidated by its decision in Jackson (supra), has held that otherwise valid guilty pleas are not involuntary because they were induced by the fear of the death penalty (see, North Carolina v Alford, 400 US 25; Parker v North Carolina, 397 US 790; Brady v United States, 397 US 742). Nothing in those cases suggests that a plea under the invalidated statutes is automatically defective; in fact the Supreme Court has found quite the opposite and has examined each plea to determine that it was voluntarily and intelligently made. In reaching the conclusion that Jackson should not be automatically applied, the Supreme Court in North Carolina v Alford (supra, at 39) stated, “The prohibitions against involuntary or unintelligent pleas should not be relaxed, but neither should an exercise in arid logic render those constitutional guarantees counterproductive and put in jeopardy the very human values they were meant to preserve.”

. The notice of intent to seek the death penalty was thereafter withdrawn as to the defendant’s brother.

. Defendant’s brother’s girlfriend also entered a plea to murder in the first degree. Defendant’s brother was acquitted after a jury trial.