■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY VASQUEZ, Appellant. [701 NYS2d 8] —Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered October 31, 1997, convicting defendant, upon his pleas of guilty, of criminal sale of a controlled substance in the third degree and violation of probation, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences to concurrent terms of 4½ to 9 years, and otherwise affirmed.

Defendant's plea agreement provided that if defendant attended a drug rehabilitation program and avoided being rearrested during a specified period he was to be permitted to withdraw his plea and to plead guilty to a misdemeanor with a sentence of probation. However, defendant violated these conditions. On appeal, defendant contends, for the first time, that his plea should be vacated on the ground that it was induced by a promise that the court could not have lawfully kept, in that the promised misdemeanor disposition would have been unlawful under CPL 220.10 (5) (a) (iii), which requires a felony plea in the instant situation. Contrary to defendant's argument, we find that this claim requires preservation. With exceptions not present herein, appellate review of a challenge to the validity of a plea requires an application to withdraw the plea (*see*, *People v Lopez*, 71 NY2d 662). The claimed defect in the plea bargain did not cause defendant to be sentenced unlawfully (*compare*, *People v Rodney E.*, 77 NY2d 672), and

did not implicate his right to be indicted by a Grand Jury (NY Const, art I, § 6; *People v Johnson*, 89 NY2d 905, 907). Moreover, a plea taken in violation of the plea bargaining limitations of CPL 220.10 is not considered a complete nullity subject to automatic vacatur without regard to procedural considerations (*see, Matter of Kisloff v Covington*, 73 NY2d 445, 452; *Matter of Campbell v Pesce*, 60 NY2d 165, 168-169). Accordingly, defendant's present claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant has not established his entitlement to vacatur of his plea. The plea cannot be said, on these facts, to have been "induced" by an unfulfilled or unfulfillable promise since defendant breached the plea conditions, and was thus sentenced on his original felony plea.

Defendant's claim that the terms and conditions of the plea agreement.were vague and ambiguous, and that he was not sufficiently warned of the specific sentencing consequences of his specific misconduct, is likewise unpreserved since defendant failed to move to withdraw his guilty plea or vacate the judgment of conviction on such grounds (*see, People v McCray*, 251 AD2d 135, *lv denied* 92 NY2d 901), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the plea agreement clearly warned defendant of the consequences of his failure to meet the conditions thereof. We note that the court properly rejected defendant's excuses for failing to meet the conditions.

Under all the circumstances herein, we find the sentence excessive to the extent indicated. Concur—Ellerin, P. J., Wallach, Lerner, Andrias and Saxe, JJ.