[784 NYS2d 795]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID
VAN DYNE, Appellant.

Fourth Department, November 19, 2004

## APPEARANCES OF COUNSEL

*Edward J. Nowak, Public Defender*, Rochester (*Drew R. Du Brin* of counsel), for appellant.

*Michael C. Green, District Attorney*, Rochester (*Arthur G. Weinstein* of counsel), for respondent.

## OPINION OF THE COURT

PINE, J.

On appeal from a judgment convicting him, upon a plea of guilty, of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]), defendant contends, inter alia, that reversal is required because his plea lacked statutory authorization. For the reasons that follow, we agree and conclude that the judgment should be reversed.

## II

Defendant was indicted by the grand jury for charges relating to a murder that occurred during the commission of a robbery. Following his indictment, the People filed a notice of intent to seek the death penalty ([hereafter, notice of intent]; *see* CPL 250.40 [1]). Although a trial was scheduled to begin in February 1999, defendant appeared in County Court on January 19, 1999 to enter a plea of guilty. Pursuant to the terms of the plea agreement, defendant would plead guilty to murder in the first degree in full satisfaction of the charges contained in the indictment, and would be sentenced to life imprisonment without parole.

Before entering his plea, defendant signed a four-page plea agreement outlining the rights he was waiving by pleading guilty, including the right to appeal with respect to "any and all New York State or United States constitutional grounds including, but not limited to those set forth in the decision of *Matter of Hynes v Tomei* [92 NY2d 613 (1998), *cert denied* 527 US 1015 (1999)]." Defendant also acknowledged his full understanding of the terms of the plea agreement and indicated that he was pleading guilty voluntarily, after a full consultation with his attorneys. According to the terms of the plea agreement, defendant was pleading guilty because he recognized that he had committed a "horrible crime," he was aware of the strength of the prosecutor's case, and he wanted to avoid causing additional suffering to his family and the victim's family. Defendant reaffirmed the terms and conditions of the written agreement during a lengthy colloquy with the court.

Following the colloquy but before defendant entered his plea, the prosecutor handed a letter to the court. The District Attorney wrote therein that he "withdraws the notice [of intent] that was previously filed in this case." The prosecutor stated:

> "based upon the plea agreement and colloquy the Court has completed, the People are prepared to offer to the Court and Counsel a withdrawal of notice to seek the death penalty pursuant to Criminal Procedure Law 250.40 (4). And I offer that to the Court at this time. *It's conditioned upon the Defendant's plea to the Murder in the First Degree and to all of the terms as set forth in the plea agreement . . . as well as to the Court's acceptance of this plea by the Defendant*" (emphasis added).

The court "accept[ed]" the written withdrawal of the notice of intent and asked defendant how he pleaded to the charge of

murder in the first degree. Defendant pleaded guilty and, the next day, the court issued a written decision concluding that it had authority to accept the plea (*People v Van Dyne,* 179 Misc 2d 467 [1999]). Defendant was ultimately sentenced to life imprisonment without parole.

## III

Defendant now contends, inter alia, that his plea was without statutory authorization because the notice of intent was not validly withdrawn before he entered his plea, as required by *Hynes.* In *Hynes* (92 NY2d at 620), the Court of Appeals reviewed the statutory framework for entering guilty pleas on charges of murder in the first degree (*see* CPL 220.10 [5] [e]; 220.30 [3] [b] [vii]). Under that framework, defendants who pleaded guilty to murder in the first degree could be sentenced only to "life imprisonment without parole or a term of imprisonment for the class A-I felony of murder in the first degree other than a sentence of life imprisonment without parole" (CPL 220.10 [5] [e]; 220.30 [3] [b] [vii]). Thus, only those defendants "who assert[ed] innocence and proceed[ed] to trial" faced the possibility of the death penalty (*Hynes,* 92 NY2d at 620; *see* CPL 220.10 [5] [e]; 220.30 [3] [b] [vii]). The Court held that such a sentencing structure " 'needlessly' encouraged guilty pleas and jury waivers" and impinged upon a defendant's Fifth Amendment right against self-incrimination as well as a defendant's Sixth Amendment right to a jury trial* (*Hynes,* 92 NY2d at 621, quoting *United States v Jackson,* 390 US 570, 583 [1968]). Defendants were therefore faced with an unconstitutional choice: "exercise Fifth and Sixth Amendment rights and risk death, or abandon those rights and avoid the possibility of death" (*id.* at 626). The Court declared CPL 220.10 (5) (e) and 220.30 (3) (b) (vii) unconstitutional and struck those provisions of the statute (*see Hynes,* 92 NY2d at 620). "Under the resulting statute, a defendant may not plead guilty to first degree murder while a notice of intent to seek the death penalty is pending" (*id.* at 629).

At issue on this appeal is whether the notice of intent filed against defendant was still "pending" at the time he pleaded guilty to murder in the first degree.

---

* New York Constitution, article I, § 2 prohibits bench trials in capital cases.

## IV

■ We note at the outset that the contention of defendant that the plea violated the holding of *Hynes* and was precluded by the resultant statute survives his waiver of the right to appeal. This is so despite the fact that defendant's waiver of the right to appeal expressly included constitutional grounds "set forth in" *Hynes*. The issues presented by defendant implicate "the very power of the court" (*People v Callahan*, 80 NY2d 273, 281 [1992]) and involve matters of "societal concern" with "implications for the integrity of our criminal justice system," and are not waivable (*id.* at 282; *see generally People v Seaberg*, 74 NY2d 1, 9 [1989]).

## V

■ Defendant concedes that he neither moved to withdraw his plea nor moved to vacate the judgment of conviction (*see generally People v Lopez*, 71 NY2d 662 [1988]), but he contends that the issues raised herein are nevertheless properly before us because they involve a fundamental or jurisdictional defect affecting the organization of the court or the mode of the proceedings (*see generally People v Patterson*, 39 NY2d 288, 295 [1976], *affd* 432 US 197 [1977]; *People v Lopez*, 71 NY2d 662 [1988]). We reject that contention.

Generally, "a plea taken in violation of the plea bargaining limitations of CPL 220.10 is not considered a complete nullity subject to automatic vacatur without regard to procedural considerations" (*People v Vasquez*, 267 AD2d 118, 119 [1999], *lv denied* 95 NY2d 805 [2000]). Therefore, there must be a jurisdictional defect or a *"fundamental* defect[ ] in [the] judicial proceedings" in order for us to be required to review the issues raised herein in the absence of preservation (*People v Agramonte*, 87 NY2d 765, 770 [1996]). No such defect exists in this case. The court had jurisdiction over the offense and over defendant (*see People v Keizer*, 100 NY2d 114, 118 [2003]; *cf. People v Johnson*, 89 NY2d 905, 907-908 [1996]; *People v Libby*, 246 AD2d 669 [1998]). Further, the alleged error did not affect the organization of the court (*cf. People v Ahmed*, 66 NY2d 307, 310 [1985], *rearg denied* 67 NY2d 647 [1986]; *Cancemi v People*, 18 NY 128, 137-138 [1858]) or the mode of the proceedings (*cf. People v Aponte*, 212 AD2d 157, 160-161 [1995]). Thus, we conclude that a contention that a plea was statutorily invalid under the holding of *Hynes* requires preservation in order to be subject to automatic review by this Court (*see generally People v Mower*, 97 NY2d 239, 245 [2002]).

Despite the fact that the issues raised herein are not preserved for our review, we nevertheless exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

## VI

■ The United States Supreme Court and the New York Court of Appeals have held that sentencing frameworks wherein a defendant faces different penalties merely for asserting his or her Fifth and Sixth Amendment rights are unconstitutional and invalid (*see Jackson*, 390 US at 582-583; *Hynes*, 92 NY2d at 620-623). Therefore, a court cannot accept a plea to murder in the first degree from a defendant against whom a notice of intent is pending because, as long as that notice of intent is pending, that defendant faces different penalties merely for asserting his or her constitutional rights (*see Hynes*, 92 NY2d at 626).

Contrary to the contention of the People, the notice of intent was still "pending" when defendant pleaded guilty and, consequently, the court lacked the power to accept his plea. The prosecutor submitted to the court a written withdrawal of the notice of intent that was "conditioned" on defendant's plea of guilty and the court's acceptance of that plea. Thus, defendant's plea was a condition precedent to the withdrawal of the notice of intent, which did not become effective unless and until defendant entered his plea (*see generally Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995]). At the time of his plea defendant was faced "with the choice *Jackson* declared unconstitutional: exercise Fifth and Sixth Amendment rights and risk death, or abandon those rights and avoid the possibility of death" (*Hynes*, 92 NY2d at 626).

Even assuming, arguendo, that withdrawal of the notice of intent was not conditioned upon defendant's plea of guilty, we further conclude that the People did not comply with the filing requirements of CPL 250.40 (4) in attempting to withdraw the notice of intent. The statute explicitly provides that a notice of intent "may be withdrawn at any time by a written notice of withdrawal *filed* with the court and served upon the defendant" (*id.* [emphasis added]). The prosecution did not file the written notice of withdrawal before defendant entered his plea. "A paper is filed when it is delivered to the proper official and by him [or her] received and filed" (*United States v Lombardo*, 241 US 73, 76 [1916]).

"The object of filing is to deposit the document in a public place so that it may be seen and examined by any person interested, and there can be no filing of a paper in a legal sense except by its delivery to an official whose duty is to file papers and who is required to keep and maintain an office or other public place for their deposit" (*Matter of Stanley v Board of Appeals of Vil. of Piermont*, 168 Misc 797, 800 [1938]).

A county court judge is not an official "whose duty is to file papers and who is required to keep and maintain an office or other public place for their deposit" (*Stanley*, 168 Misc at 800) and, therefore, delivery of papers to a county court judge does not constitute a "fil[ing]" within the meaning of CPL 250.40 (4) (*see e.g. People v Shipp*, 137 Misc 2d 495, 497 [1987]; *Shields v Benderson Dev. Co.*, 76 Misc 2d 322, 323 [1973]).

Because the notice of intent was not effectively withdrawn before defendant entered his plea, the notice of intent was still pending and the court lacked the power to accept the plea. Accordingly, we conclude that the judgment should be reversed, the plea vacated, and the matter remitted to County Court for further proceedings on the indictment. Based on our resolution of this issue, we see no need to address defendant's remaining contention.

PIGOTT, JR., P.J., GREEN and HURLBUTT, JJ., concur.

SCUDDER, J. (dissenting). I respectfully dissent. Defendant was convicted, upon his plea of guilty, of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]). Defendant admitted during the plea colloquy that he fell asleep in his car parked alongside a road after consuming alcohol and smoking cocaine. When he awoke, he discovered that his car would not start, and he decided to wait for the owner of another car also parked alongside the road to return to his car, in order to steal the car. When the owner of that car emerged from the woods after hunting, defendant shot him three times and took the keys to his car and his wallet. Defendant left the scene in the victim's car but later returned and replaced the battery in his car with the battery from the victim's car. Defendant then bought beer with the victim's money. As the majority notes, defendant agreed to plead guilty "because he recognized that he had committed a 'horrible crime,' he was aware of the strength of the prosecutor's case,

and he wanted to avoid causing additional suffering to his family and the victim's family."

The majority properly concludes "that a contention that a plea was statutorily invalid under the holding of [*Matter of Hynes v Tomei,* 92 NY2d 613 (1998), *cert denied* 527 US 1015 (1999)] requires preservation in order to be subject to automatic review by this Court," citing *People v Mower* (97 NY2d 239, 245 [2002]). In my view, however, the contention of defendant that the withdrawal of the notice of intent to seek the death penalty was ineffective, thereby rendering his plea invalid pursuant to *Hynes,* does not warrant review of that contention by this Court as a matter of discretion in the interest of justice. Defendant "did not raise this alleged constitutional infirmity before he pleaded guilty or was sentenced by [County] Court" (*Mower,* 97 NY2d at 245), "when the court had an opportunity of effectively changing the same" (CPL 470.05 [2]). Indeed, defendant explicitly waived his right to appellate review of "any and all . . . constitutional grounds including, but not limited to[,] those set forth in the decision of [*Hynes*]" (*see generally People v Howe,* 56 NY2d 622, 624 [1982]; *People v Stephens,* 122 AD2d 606, 608 [1986], *lv denied* 68 NY2d 817 [1986]; *People v Morris,* 111 AD2d 414 [1985]), and the record establishes that defendant entered a knowing, voluntary and intelligent plea of guilty (*cf. People v Bryant,* 262 AD2d 791 [1999]). Accordingly, I would affirm the judgment of conviction.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed as a matter of discretion in the interest of justice and on the law, the plea is vacated and the matter is remitted to Monroe County Court for further proceedings on the indictment. [As amended by unpublished order entered Jan. 14, 2005.]