■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN HANDLEY, Appellant. [847 NYS2d 881]—Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered April 26, 2006. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that his plea is invalid pursuant to CPL 220.10 (5) (d) (i), inasmuch as he pleaded guilty to attempted burglary in the second degree, a class D violent felony offense (*see* § 70.02 [1] [c]), as a lesser included offense of burglary in the first degree, a class B violent felony offense (*see* § 70.02 [1] [a]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction, and thus his contention is not preserved for our review (*see People v Van Dyne,* 12 AD3d 120, 124 [2004], *as amended by* 2005 NY Slip Op 00917[U] [2005]; *People v Vasquez,* 267 AD2d 118 [1999], *lv denied* 95 NY2d 805 [2000]). In any event, CPL 220.10 (5) (d) (i) does not preclude defendant's plea to a class D violent felony offense because the class B violent felony offense charged in the indictment is not an armed felony offense (*see* Penal Law § 140.30 [2]). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Pine, JJ.