*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014                    104849
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

          v                                    MEMORANDUM AND ORDER

JANE DOE, Also Known as
    JOHANNA ALAMO,
                    Appellant.
_____

Calendar Date:  October 16, 2014

Before:  Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

_____

        Ellen H. Fried, Cornwallville, for appellant.

        Charles O. Bucca, Acting District Attorney, Catskill
(Danielle D. McIntosh of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Greene County
(Pulver Jr., J.), rendered January 3, 2012, convicting defendant
upon her plea of guilty of the crimes of criminal sale of a
controlled substance in the second degree and criminal possession
of a controlled substance in the third degree (two counts).

        Defendant faced drug charges in an indictment and forgery
charges in a superior court information, and several plea
arrangements foundered upon her refusal to provide any
information regarding her true identity.  She eventually agreed
to plead guilty to criminal sale of a controlled substance in the
third degree in satisfaction of all pending charges, waive her
right to appeal and be sentenced to a prison term of five years

to be followed by two years of postrelease supervision.  County Court refused to accept that agreement and pointed out that its terms were more favorable to defendant than prior plea offers, notwithstanding her continued refusal to admit her identity and concomitant questions regarding the accuracy of her criminal record.  Defendant then pleaded guilty to the entire indictment — namely, criminal sale of a controlled substance in the second degree and two counts of criminal possession of a controlled substance in the third degree — and the separate superior court information was dismissed upon consent (see CPL 220.60 [1]).  County Court sentenced defendant to an aggregate prison term of eight years to be followed by five years of postrelease supervision, and she now appeals.

We affirm.  Defendant first contends that County Court abused its discretion by refusing to approve the plea agreement reached between her and the People.  Inasmuch as "this issue is neither jurisdictional nor of a constitutional dimension, [her] right to appellate review of this issue was forfeited by [her] subsequent plea of guilty" (People v Brooks-Singh, 47 AD3d 1120, 1121 [2008]; see Missouri v Frye, ___ US ___, ___, 132 S Ct 1399, 1410 [2012]; People v Van Dyne, 12 AD3d 120, 124 [2004]; cf. People v Smith, 272 AD2d 679, 682 [2000], lv denied 95 NY2d 938 [2000]).

Defendant next asserts that the sentence imposed by County Court was vindictive because she refused to answer questions regarding her identity and prior criminal history during the plea colloquy.  However, while the sentence was greater than the one contemplated by the prior plea agreement, the record reflects that it stemmed from appropriate sentencing factors such as defendant's lack of remorse and her known prior criminal history (see People v Pena, 50 NY2d 400, 411-412 [1980]; People v Seymore, 106 AD3d 1033, 1034 [2013], lv denied 21 NY3d 1045 [2013]; People v Merck, 63 AD3d 1374, 1376 [2009], lv denied 13 NY3d 861 [2009]).  After reviewing those factors ourselves, we are unpersuaded that the sentence was harsh and excessive (see People v Abdallah, 50 AD3d 1312, 1313 [2008]).

Lahtinen, J.P., Garry, Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court