People v Roldan (2025 NY Slip Op 50973(U))

[*1]

People v Roldan (Roberto)

2025 NY Slip Op 50973(U)

Decided on June 16, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 16, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570156/19

The People of the State of New York, Respondent,
against
Roberto Roldan, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Mary L. Bejarano, J., at plea; Audrey E. Stone, J., at sentencing), rendered February 7, 2019, convicting him, upon a plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Mary L. Bejarano, J., at plea; Audrey E. Stone, J., at sentencing), rendered February 7, 2019, affirmed.
Defendant's claim that the terms and conditions of the repleader agreement were vague and ambiguous with respect to the third condition is unpreserved, since defendant failed to move to withdraw his guilty plea or vacate the judgment of conviction on such grounds (see People v Williams, 27 NY3d 212, 214 [2016]; People v Toxey, 86 NY2d 725 [1995]; People v Vasquez, 267 AD2d 118 [1999], lv denied 95 NY2d 805 [2000]). Defendant "had multiple opportunities to preserve [his] current challenge to his plea and seek clarification of the matter" and "[b]y failing to seize upon these opportunities to object or seek additional pertinent information, defense counsel failed to preserve defendant's claim for appellate review" (People v Williams, 27 NY3d at 222-223). We decline to review the claim in the interest of justice. Were we to review the claim, we would reject it.
The sentencing court providently exercised its discretion in determining that defendant failed to satisfy the conditions of his repleader agreement and thereby forfeited the opportunity to replace his misdemeanor conviction with a plea to a traffic infraction. The first condition of the agreement was the requirement that defendant clear "all suspensions/revocations" on his "driving abstract in existence prior to the defendant's arrest date." Defendant concedes that he did not satisfy this condition, despite being given at least one adjournment of sentence, and that he only paid $250 towards clearing 12 suspensions, while still owing approximately $1,300 (see People v Berraho, 217 AD3d 462 [2023], lv denied 40 NY3d 1079 [2023]). 
The sentence was not excessive. We have considered and rejected defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 16, 2025