■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIXIE LEE JOHNSON, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered February 2, 1979, upon a verdict convicting defendant of the crime of petit larceny. Defendant was indicted for the crimes of falsely obtaining public assistance in violation of section 145 of the Social Services Law and grand larceny in the second degree. Following a jury trial, she was found guilty of petit larceny and falsely obtaining public assistance. Pursuant to section 145 of the Social Services Law, the court struck the verdict with respect to the charge of falsely obtaining public assistance because of the fact that defendant was found guilty of petit larceny and sentenced her to a conditional discharge for a period of one year. This appeal ensued. The record reveals that defendant was receiving public assistance under the program of Aid to Families with Dependent Children (AFDC). Defendant and her four children resided in an apartment, and in April, 1975 her landlord began residing with her and the children in the apartment. Recertification applications were submitted four times by defendant after April, 1975 and these applications requested additional information if the recipient shared a housing arrangement. No additional information was stated by defendant on these applications concerning her sharing of a housing arrangement. During the period in question, from October, 1975 to March, 1977, defendant certified rental expenses of $150 per month. Her landlord testified that from October, 1975 through March, 1976 he charged defendant $140 per month for rent and in April, 1976 he raised the rent to $150 per month. He also testified that while residing with defendant he continued to receive rent payments from her and that he reported these payments as rental income on his tax returns. Defendant testified that she paid all the bills herself, including payments for rent, electricity and groceries; that her landlord never gave her a reduction in rent; and that he never returned to her any of the money which she paid him for rent. At the close of the People's case, defendant moved for a trial order of dismissal, decision was reserved, and the motion was renewed after the defense rested. The motion was denied and on this appeal defendant argues that the denial was improper as the prosecution failed to prove by legally sufficient evidence that defendant wrongfully obtained public assistance benefits to which she was not entitled. Whether the charge is larceny under the Penal Law or a violation of section 145 of the Social Services Law, the prosecution must prove that the defendant was not entitled to the benefits received *(People v Hunter,* 34 NY2d 432, 438). A senior welfare

examiner testified that for rental assistance defendant was entitled to the amount actually paid up to a maximum of $146 per month. Since the landlord testified that defendant's rent for the months of October, 1975 through March, 1976 was $140 per month, and since defendant certified that she was paying $150 per month during that time, the jury could conclude that during those months defendant received more rental assistance benefits than those to which she was entitled. Thus, there was sufficient evidence of a violation of section 145 of the Social Services Law and of defendant's guilt of petit larceny. Even assuming that there was insufficient proof to support the charge of grand larceny in the second degree, the fact that there was sufficient proof to support the lesser included offense of petit larceny precluded the court from issuing a trial order of dismissal (People v Congilaro, 60 AD2d 442). Defendant also argues that the trial court erred by refusing to instruct the jury that the defendant was fully entitled to receive the benefits she did receive unless it was proved beyond a reasonable doubt that a lodger living in her apartment made actual contributions to the maintenance of defendant's family on a regular basis. The United States Supreme Court has invalidated the presumption that a nonlegally responsible lodger is contributing to the welfare household (Van Lare v Hurley, 421 US 338). Consequently, such contributions must be proved. In the present case, however, the lodger was also the landlord. The issue, therefore, was not whether he was paying regular contributions to the household, but whether defendant was, in fact, obligated to pay the rent she paid to him or whether the rent was in fact paid by defendant to him. The trial court so instructed the jury and we find no error in the court's failure to give defendant's requested charge. The trial court instructed the jury that it was an affirmative defense that the property was appropriated under a claim of right made in good faith. The jury was also instructed that defendant had the burden of proving this defense by a preponderance of evidence. Defendant objected to this portion of the charge maintaining that the affirmative defense of claim of right had not been raised by defendant and that in any event the defense was only available pursuant to section 155.15 of the Penal Law in prosecutions for larceny committed by trespassory taking or embezzlement. Defendant contends that the court's charge improperly shifted the burden of proof to defendant on the issue of intent. Upon examination of the entire charge, we are of the opinion that the court sufficiently stressed that the People had the burden of proof beyond a reasonable doubt as to each element of the offenses, including intent, and, therefore, any error in submitting the affirmative defense of claim of right was harmless. Defendant's final contention concerns the refusal of the court to allow her to call an expert witness to testify to her entitlement to benefits notwithstanding the fact that her landlord resided with her. We conclude that the proposed expert testimony involved interpretation and application of the Social Services Law and pertinent regulations and such was within the sole province of the court. Accordingly, the trial court properly rejected such testimony solely concerning questions of law. The judgment, therefore, must be affirmed. Judgment affirmed. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.