■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MARTIN, Appellant.—Kane, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered November 2, 1983, upon a verdict convicting defendant of the crime of burglary in the second degree.

The indictment herein charges defendant with unlawfully entering an apartment in the City of Albany at about 5:00 A.M., on July 24, 1983 with the intent of committing a crime therein. The report to the police of this incident was made by the female occupant of the apartment who gave a description of the perpetrator which matched that of defendant, who was observed in the immediate area by police approximately one hour later. An officer asked defendant to identify himself,

which he did, and when he inquired of the officer the reason for stopping him, the officer responded that he was investigating a burglary at the reported address and was taking defendant there for identification purposes. As the officer was placing him in handcuffs, and prior to his entry into the patrol car, defendant pointed to a man across the street and exclaimed that he should be stopped for he was the person defendant had chased from the scene of the crime. The officer observed that the man so identified did not fit the description of the perpetrator of the crime and defendant was taken to the apartment building to confront the complainant. However, she had left the premises prior to their return. At that time, defendant was given his *Miranda* warnings and removed to the police station.

On this appeal, defendant contends that the exclamation and resulting information given by defendant at the time of his initial stop, which was inculpatory in nature and in a custodial setting, should have been suppressed since it was obtained prior to receipt of his *Miranda* warnings. County Court found these statements to be spontaneous and voluntarily given and, accordingly, they were admitted into evidence at trial. It is our view and we so find that such a ruling was proper, for the record demonstrates that the statements made were truly spontaneous and not the result of "express questioning or its functional equivalent" by the police *(Rhode Is. v Innis,* 446 US 291, 300-301), or from any other external cause not generated by defendant himself *(People v Rivers,* 56 NY2d 476).

Additionally, we find nothing in this record to suggest that defendant was denied effective assistance of counsel *(see, People v Bonk,* 83 AD2d 695), nor do we find any extenuating or mitigating circumstances not considered by County Court in imposing the maximum sentence that would lead us to conclude that there was an abuse of discretion *(see, People v Miller,* 74 AD2d 961).

Judgment affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.