■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARA KIRSH, Appellant.—Judgment, Supreme Court, New York County (Renee White, J.), rendered February 26, 1990, convicting defendant after a jury trial of two counts of perjury in the first degree, for which she was sentenced to five years probation, unanimously affirmed.

Defendant's perjury arose out of her testimony at a suppression hearing related to her husband's criminal trial for weapons possession. A witness at that trial testified to an overheard conversation in which the husband discussed with his wife blowing up the apartment building which he owned. This witness overheard a later conversation, in which the husband threatened to shoot the wife. Both conversations were heard through a hole in the floor, and tape recorded. At the suppression hearing preceding the husband's trial, during which the legality and mechanical validity of the tape recording of the conversations were examined, defendant voluntarily testified on her husband's behalf. During cross-examination, she testified that her husband had never threatened to blow up the building, and that there were absolutely no weapons of any kind in their apartment. In fact, when defendant was arrested, a virtual arsenal had been recovered from the apartment. Defendant herself was not prosecuted, and by the time of the suppression hearing, the statute of limitations had already lapsed.

Defendant's testimony at her husband's suppression hearing was both material to the underlying charges *(see, People v Stanard,* 42 NY2d 74, 80, *cert denied* 434 US 986) and relevant to defendant's own credibility *(see, People v Davis,* 53

NY2d 164). Defendant's testimony at that hearing, under oath, constituted perjury. Defendant's contention on the appeal that the People had "set her up" in a "perjury trap" is without merit. We find no indication that the prosecutor engaged in any subterfuge to elicit defendant's false answers.

The conversations in questions were freely overheard, the declarant was "present" during the conversations, and consequently, defendant has no Fourth Amendment claims to advance *(see, e.g., United States v Agapito,* 620 F2d 324). Since the witness at her husband's suppression hearing was not a law enforcement official, there was no police surveillance to challenge. Further, absent a reasonable expectation of privacy, the recording of conversations, *per se,* is not illegal *(see, People v Gibson,* 23 NY2d 618, *cert denied* 402 US 951). Since the witness freely heard the subject conversation, he was not guilty of illegal electronic surveillance *(see,* Penal Law §§ 250.05, 250.00 [2]) and CPLR 4506 (1) would not apply. Finally, defendant voluntarily testified at her husband's suppression hearing, exposing herself to impeachment.

Defendant's appellate challenge to the trial court's denial of her application to call an expert who would have offered opinion with respect to perjury traps, and the materiality of testimony with respect to perjury, is without merit. Any instructions with respect to materiality of evidence, or as to a legal defense, lay within the responsibility of the court *(see, People v Johnson,* 76 AD2d 983, 984).

We find nothing in the record to support defendant's contentions of bias by the trial court, raised for the first time on appeal, which are, in any event, unpreserved for review. (CPL 470.05 [2]; *People v Charleston,* 56 NY2d 886.) Likewise, defendant's challenge to the court's instruction that a "perjury trap", defense is an affirmative defense, which the defendant must establish by a preponderance of the evidence, is misplaced. We note the similarity between the defense of "perjury trap", and the defense of entrapment, which logically rest on similar standards *(see, United States v Phillips,* 540 F2d 319, *cert denied* 429 US 1000).

We find no infirmity in the court's readback of testimony in response to a jury note. The readback of the witness' direct and cross, but not redirect and recross, was a meaningful response to the note (CPL 310.30; *People v Almodovar,* 62 NY2d 126, 131). Although counsel requested further instructions, the court is obligated to respond to a jury note, not counsel's requests *(supra,* at 132; *People v Malloy,* 55 NY2d 296, 303, *cert denied* 459 US 847).

Finally, at the time defendant testified at her husband's suppression hearing, she did so voluntarily, under oath, and was not facing potential criminal charges. There were no Fifth Amendment ramifications arising out of cross-examination of the defendant. Concur—Carro, J. P., Milonas, Ellerin, Wallach and Ross, JJ.