OPINION OF THE COURT
William H. Bristol, J.
By indictment No. 035/92, the People of the State of New *290 York charge Ernest Dunham with two counts of murder in the second degree and two counts of robbery in the first degree. After trial had commenced, and prior to the close of the People’s proof, the defendant moved for an order suppressing any testimonial evidence proffered by Patricia Frazier. He claimed that her testimony would consist of information she had obtained by illegally eavesdropping on a conversation between her adult son, Dwayne Frazier, and others. The defense counsel believably represented that he first became aware of what he believed to be the illegal nature of the interception of the communication when he reviewed the Grand Jury minutes given to him as Rosario material just prior to the commencement of trial (the day before his motion).
The trial was recessed and the People were given an opportunity to present evidence on the issue in a suppression hearing conducted outside the presence of the jury. The People called one witness, Patricia Frazier. Her testimony was frank, candid and trustworthy and I credit what she said. She testified that she is the mother of Dwayne Frazier who was 18 years old in January of 1992 and lived with her in her home. The apartment in which they lived was rented by her and all of the utilities, including the telephone, were paid for by her. On January 5, 1992, the phone rang and she answered it. A male caller, whom she recognized to be a person by the name of Merril, was on the phone and asked to speak to her son. She called her son to the extension phone in the downstairs kitchen and then, using the upstairs phone, listened in on the conversation. Since the television was on in her room, her son became suspicious that she was listening and came upstairs to see. She hung up the phone. He told her to stay off the phone and, in words or substance, that it was a private conversation. He returned downstairs to continue his phone conversation. She turned off her television set so that she wouldn’t be overheard and secretly picked up the receiver and listened without the consent of any of the parties. She candidly admitted that her son was frequently in trouble and that she wanted to know what kind of situation was developing with him then. In the course of the conversation she claims to have overheard two different individuals talking to her son about the incident which is the subject of this trial. No proof was offered that she had the consent of the senders of this telephonic communication to listen in and be privy to their conversations. Clearly she did not have the consent of her son.
*291 This is essentially a motion to suppress evidence gained by an illegal seizure. Accordingly, it is the accused, not the People, who must shoulder the burden of persuasion on a motion to suppress evidence. The People have only the burden of going forward to show the legality of the police conduct in the first instance. (People v Di Stefano, 38 NY2d 640, 652 [1976]; see also, People v Whitehurst, 25 NY2d 389 [1969].)
Penal Law § 250.05 states: "A person is guilty of eavesdropping when he unlawfully engages in wiretapping.”
"Wiretapping” is said to have been committed when a person intentionally overhears or records a telephonic communication without the consent of the parties to the communication, by means of an instrument, device or equipment. (See, Penal Law § 250.00 [1].)
CPLR 4506 provides that the contents of any overheard or recorded communication, conversation or discussion or evidence derived therefrom which has been obtained by conduct constituting the crime of eavesdropping, as defined by section 250.05 of the Penal Law, may not be received in evidence in any trial, hearing, proceeding before any court or Grand Jury. The proscriptions of CPLR 4506 apply to civil and criminal trials. (CPL 60.10; see generally, Richardson, Evidence § 565 [Prince 10th ed]; see also, People v Kirsh, 176 AD2d 652 [1991].)
The fact that the eavesdropping party is related by blood to one of the speaking parties and is a subscriber to the telephone and lessee of the apartment does not immunize that person’s activity from being described as eavesdropping. (See, e.g., Pica v Pica, 70 AD2d 931 [1979]; Matter of Berk v Berk, 70 AD2d 943 [1979].)
Given the law and in light of the facts above found, it is clear that the evidence that the People wish to present is derived from illegal eavesdropping. As such it cannot be used in this trial.
Finally, although this motion was not brought within the so-called 45-day rule (CPL 255.20, 210.20 [2]), the defense counsel’s specific awareness of the facts constituting the basis for the motion arose upon receiving and reviewing the Grand Jury minutes on Monday, November 9, 1992. The application was made the next day. Thus, the application was timely made within the meaning of CPL 710.40 (2).
For the foregoing reasons, it is the decision and order of this *292 court that the defendant’s motion to suppress any evidence in the form of oral testimony reciting or describing statements allegedly made by the defendant and obtained by the eavesdropping of Patricia Frazier be, and the same hereby are, suppressed.