THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GILLEO, Appellant. [835 NYS2d 221]—

Appeal by the defendant from a judgment of the County Court, Putnam County (Miller, J.), rendered April 19, 2006, convicting him of bail jumping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 29, 2004 the defendant pleaded guilty to driving while intoxicated as a class D felony. Under the terms of his plea agreement, the defendant was to participate in the Putnam County Drug Treatment Court, and complete an alcohol treatment program. At the time of his plea, the court advised the defendant that if he successfully completed the program, he would receive a probationary sentence, but that if he did not complete the program, he would receive a sentence of two to six years of imprisonment. However, the court did not warn the defendant that he could face a separate prosecution for bail jumping if he subsequently failed to appear for a required court date.

Although the defendant entered a treatment program, he left approximately four months later, prior to being successfully discharged. On August 12, 2004 the defendant appeared in court to be arraigned on a violation of the Drug Court Program participation agreement (hereinafter the participation agreement). The defendant entered a denial, and the matter was adjourned one week to August 19, 2004. When the defendant failed to appear in court on August 19, 2004 a bench warrant for his arrest was issued. The defendant thereafter left the jurisdiction and moved to South Carolina. Some months later, on March 26, 2005, the defendant allegedly was driving while intoxicated when he was involved in a head-on collision which resulted in the death of a woman and serious injuries to her three children. Following the South Carolina accident, the defendant was extradited to Putnam County, where he was indicted on bail jumping in the second degree, based upon his August 19, 2004 failure to appear in court for proceedings on his alleged violation of the participation agreement.

On June 9, 2005 the defendant entered an admission that he had violated certain terms of the participation agreement by, inter alia, leaving treatment against clinical advice. In accordance with the terms of his prior plea agreement, the defendant was sentenced on July 7, 2005 to a term of two to six years of imprisonment for driving while intoxicated as a class D felony. Subsequently, he was separately tried and convicted of bail jumping in the second degree.

On appeal, the defendant contends that his conviction of bail jumping in the second degree violates due process because he was not warned at the time he entered his prior plea that he

could be prosecuted for this crime if he failed to appear for a required court date. We disagree. The existence of the statute regarding bail jumping in the second degree, Penal Law § 215.56, provided the defendant with sufficient notice that a failure to appear in court on a required date in connection with pending felony charges could subject him to prosecution for such conduct (*see People v Eiffel,* 81 NY2d 480, 483 [1993]; *see also Pope v Illinois,* 481 US 497, 517 [1987]; *People v Marrero,* 69 NY2d 382, 385 [1987]). The defendant's reliance on *People v Parker* (57 NY2d 136 [1982]), is misplaced, as that case sets forth the standard for determining whether a defendant has knowingly, voluntarily, and intelligently waived the right to be present at a trial, and imposes no requirement that a defendant be warned prior to entry of a guilty plea that he or she can be prosecuted for the commission of a separate offense.

The defendant further contends that the People did not prove his guilt of bail jumping in the second degree beyond a reasonable doubt because there was no evidence that his failure to appear in court was "in connection with a charge against him of committing a felony" as required by Penal Law § 215.56. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the evidence presented at trial demonstrated that sentence was not imposed on April 29, 2004, when he pleaded guilty to driving while intoxicated as a class D felony, and thus that felony charge was still pending when he failed to appear in court as directed on August 19, 2004 (*see* CPL 1.20 [16]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.