OPINION OF THE COURT
Richard B. Meyer, J.
Pretrial motion (CPL 255.10) by the defendant for recusal of the court and dismissal or reduction of the indictment.
The defendant is charged by a single-count indictment with having committed the crime of bail jumping in the second degree (Penal Law § 215.56). The charges arise out of the defendant’s failure to appear in court on May 22, 2007 and June 1, 2007 for sentencing on his conviction by guilty plea entered March 27, 2007 for scheme to defraud in the first degree (Penal Law § 190.65). At the time of his plea, the defendant was given Parker warnings (.People v Parker, 57 NY2d 136 [1982]) and advised that his failure to appear would be taken into consideration in determining an appropriate sentence should the court proceed in his absence.
I. Recusal
Absent statutory grounds requiring disqualification (Judiciary Law § 14), the determination of a motion for judicial recusal rests in the discretion of the court (.People v Lerario, 43 AD3d 492 [2007]). No statutory grounds are asserted here. Rather, defendant asserts two grounds for recusal: (1) that the court may be a witness; and (2) the determination of whether the defendant committed the crime of bail jumping in the second degree will necessarily require that the court review its prior determination to sentence the defendant in absentia. Neither ground has merit.
The crime of bail jumping in the second degree has two elements, and the People are required to prove beyond a reasonable doubt that defendant (1) was, by court order, released from custody or allowed to remain at liberty upon his own recognizance upon condition that he would subsequently ap *285 pear personally on a specific date in connection with a felony charge against him, and (2) did not appear personally on the required date or voluntarily within 30 days thereafter (CJI2d[NY] Penal Law § 215.56). It is irrelevant to the defendant’s guilt or innocence on the bail jumping charge whether he was properly warned of the potential consequences of his failure to appear and/or this court acted legally to sentence the defendant in absentia (see People v Gilleo, 39 AD3d 560 [2007]).
Proof sufficient to establish both elements of the charged crime need not involve testimony by the court. Other witnesses, such as attorneys in the district attorney’s office and court personnel, have personal knowledge of the defendant’s release from custody on his own recognizance, the court’s direction that he reappear on May 22, 2007, and his subsequent failure to reappear as so directed on that date and on the adjourned date. The court’s testimony would merely be cumulative. As a result, since this court can and will be fair and impartial and a jury will determine whether sufficient facts are presented at trial to establish the defendant’s guilt beyond a reasonable doubt, the motion to recuse is denied.
II. Dismissal of Indictment
The defendant moves to dismiss the indictment on the grounds that (1) the evidence before the grand jury was not legally sufficient to establish the offenses charged or any lesser included offense (CPL 210.20 [1] [b]; 210.30), (2) the grand jury proceeding was defective (CPL 210.20 [1] [c]; 210.35), and (3) the defendant’s rights to a speedy trial were violated (CPL 210.20 [g]). The defendant also moves to inspect the grand jury minutes (CPL 210.30).
The defendant’s motion to inspect the grand jury minutes is granted. Upon inspection, the minutes and voting sheet filed with the court reveal that a quorum of at least 16 grand jurors was present during the presentation of evidence and at the time the assistant district attorney instructed the grand jury on the law, and at least 12 of those grand jurors voted to indict the defendant. Also, the instructions were not defective as a matter of law.
The grand jury presentation consisted solely of the testimony of a court attendant regarding his involvement in the defendant’s capture and arrest on a warrant of arrest issued by the court, and the introduction into evidence of certified copies of *286 the transcripts of the court proceedings on March 27, May 22, and June 1, 2007, most of which were read to the grand jury. The evidentiary presentation thus included, among other things, information regarding the facts underlying the charge to which he pleaded guilty, that his plea satisfied an eight-count indictment, that he did not appear for court because he was “having a lot of troubles in Indiana” and his child had been removed by child protective services, and that he “has a long criminal history.” Such evidence was not relevant or material to establish either element of the bail jumping charge.
The indictment must be dismissed because the submission and reading into evidence of the certified transcripts of the plea and sentencing proceedings violated the defendant’s constitutional right to confrontation (US Const Sixth Amend) under the principles enunciated in Crawford v Washington (541 US 36 [2004]), and therefore were inadmissible in evidence to establish the elements of the charged crime. With certain exceptions, criminal trial rules of evidence are also applicable to grand jury proceedings (CPU 190.30; People v Mitchell, 82 NY2d 509 [1993]).
“[P]rior trial or preliminary hearing testimony is admissible only if the defendant had an adequate opportunity to cross-examine. See Mancusi v. Stubbs, 408 U. S. 204, 213-216 (1972); California v. Green, 399 U. S. 149, 165-168 (1970); Pointer v. Texas, 380 U. S., at 406-408; cf. Kirby v. United States, 174 U. S. 47, 55-61 (1899). Even where the defendant had such an opportunity, we excluded the testimony where the government had not established unavailability of the witness. See Barber v. Page, 390 U. S. 719, 722-725 (1968); cf. Motes v. United States, 178 U. S. 458, 470-471 (1900).” (Crawford v Washington at 57.)
The transcripts are inadmissible at trial since they are testimonial in nature, the prior plea and sentencing proceedings reflected in the transcripts did not afford the defendant the opportunity to cross-examine the declarants, and it has not been established that any of the witnesses to the relevant facts and circumstances were or are unavailable to testify before the grand jury.
The prosecution is authorized to resubmit the charge to the grand jury, and the defendant is hereby held for the action of the grand jury. Simultaneously herewith, a securing order is is *287 sued releasing the defendant on bail in the amount of $10,000 cash or insurance company bail bond pending resubmission of the case to the grand jury and the grand jury’s disposition thereof (CPL 210.45 [9]).