# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

550

KA 08-00186

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

SHAMON L. BEDELL, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SHAMON L. BEDELL, DEFENDANT-APPELLANT PRO SE.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered January 9, 2008. The judgment convicted defendant, upon a jury verdict, of perjury in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of perjury in the first degree (Penal Law § 210.15). We reject defendant's contention that County Court abused its discretion in denying defendant's request for recusal (*see generally People v Crane*, 294 AD2d 867, *lv denied* 98 NY2d 767). Although the same County Court Judge had presided over the proceedings in which defendant gave the inconsistent testimony underlying the instant perjury charges, the prior proceedings were a matter of record, obviating any need to call the Judge as a witness (*see People v Rodriquez*, 14 AD2d 917; *People v Haran*, 22 Misc 3d 283, 284-285). The sentence is not unduly harsh or severe.

Defendant's remaining contentions are raised in his pro se supplemental brief. Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), we conclude that the jury could rationally find that defendant's contradictory statements were material to the proceedings in which they were given inasmuch as they were " 'circumstantially material or tend[ed] to support and give credit to the witness in respect to the main fact' " of those proceedings (*People v Davis*, 53 NY2d 164, 171; *see also* Penal Law §§ 210.15, 210.20; *People v Perino*,

76 AD3d 456, 460; *People v Kirsh*, 176 AD2d 652, 652-653, *lv denied* 79 NY2d 949).

Defendant failed to preserve for our review his contention that he was denied a fair trial based on judicial bias (*see Kirsh*, 176 AD2d at 653), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Moreover, we conclude that the court's warnings during the proceedings in which defendant gave the inconsistent testimony did not coerce defendant to perjure himself (*see People v Lee*, 58 NY2d 773; *People v Vanluvender*, 35 AD3d 238, 239, *lv denied* 8 NY3d 928).  Finally, we have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  May 6, 2011                          Patricia L. Morgan
                                               Clerk of the Court