People v West (2020 NY Slip Op 08131)





People v West


2020 NY Slip Op 08131


Decided on December 31, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 31, 2020

111695

[*1]The People of the State of New York, Respondent,
v
Allisa C. West, Appellant.

Calendar Date: November 18, 2020

Before: Lynch, J.P., Clark, Mulvey and Colangelo, JJ.


Edward S. Graves, Indian Lake, for appellant.
Christopher C. Shambo, District Attorney, Indian Lake, for respondent.



Clark, J.
Appeal from a judgment of the County Court of Hamilton County (Hoye, J.), rendered May 22, 2019, convicting defendant upon her plea of guilty of the crime of bail jumping in the second degree.
In 2016, defendant pleaded guilty to criminal mischief in the third degree and was placed on interim probation. As the result of a January 2017 incident, she faced new charges and a petition alleging that she had violated the terms of her interim probation. Defendant was found to have violated her interim probation after a hearing, and that matter was adjourned for sentencing. In May 2017, an agreement was reached to address sentencing in that matter and resolve the charges arising from the January 2017 incident. As is relevant here, defendant pleaded guilty to assault in the second degree in satisfaction of a superior court information addressing her January 2017 conduct and was sentenced to a prison term of 3½ years to be followed by postrelease supervision of three years. She was then sentenced to a concurrent jail term of one year upon her 2016 conviction of criminal mischief in the third degree. As contemplated by the agreement, County Court (Feldstein, J.) gave defendant five days to put her affairs in order before surrendering herself to begin serving her sentences.
Defendant failed to appear as directed, was apprehended in Florida several months later and was then charged in an indictment with bail jumping in the second degree. Following unsuccessful efforts to dismiss the indictment or reduce the charge, defendant pleaded guilty as charged. County Court (Hoye, J.) sentenced defendant, as a second felony offender, to a prison term of 1½ to 3 years to run concurrently with her 2017 sentences. Defendant appeals solely from the judgment convicting her of bail jumping in the second degree.
We affirm. Defendant argues that the indictment "does not effectively charge . . . [her] with the commission of" bail jumping in the second degree, a jurisdictional challenge that survives her guilty plea (People v Iannone, 45 NY2d 589, 600 [1978]; accord People v Wilder, 69 NY2d 870, 872 [1987]; see People v Park, 163 AD3d 1060, 1064 [2018]). She bases that argument upon the fact that bail jumping in the second degree requires that a defendant's failure to appear occur after having been "released from custody or allowed to remain at liberty, either upon bail or upon his [or her] own recognizance, upon condition that he [or she] will subsequently appear personally in connection with a charge against him [or her] of committing a felony" (Penal Law § 215.56; see People v Wilder, 93 NY2d 352, 359 [1999]). Although defendant persuasively argues that her actions did not constitute bail jumping in the second degree,[FN1] her unchallenged guilty plea signaled her "intention not to litigate the question of [her] guilt," which places that issue beyond our review (People v Lynn, 28 NY2d 196, 201 [1971]; see People v Taylor, 65 NY2d 1, 5 [1985]; see generally People [*2]v Hill, 220 AD2d 905, 906 [1995]). What is before us is whether the indictment was jurisdictionally defective, which occurs where the indictment alleges acts that "simply do not constitute a crime" or fails to allege acts "constituting every material element of the crime charged" (People v Iannone, 45 NY3d at 600; see People v Young, 100 AD3d 1186, 1187-1188 [2012], lv denied 21 NY3d 1021 [2013]). In that regard, the indictment specifically cited Penal Law § 215.56 as the basis for the charge, which "operate[d] without more to constitute allegations of all the elements of the crime" (People v Cohen, 52 NY2d 584, 586 [1981]; see People v D'Angelo, 98 NY2d 733, 735 [2002]; People v Hummel-Parker, 171 AD3d 1397, 1398 [2019]). Further, because a conviction occurs upon a plea or verdict of guilty, but the underlying criminal action remains pending until sentencing, the indictment alleged acts constituting bail jumping in the second degree by accusing defendant of failing to appear "in relation to a conviction" (see CPL 1.20 [13]—[16]; see e.g. People v Gilleo, 39 AD3d 560, 562 [2007]). Thus, there was no jurisdictional defect in the indictment.
By pleading guilty, defendant also forfeited her arguments regarding the instructions given to, and the evidence heard by, the grand jury (see People v Guerrero, 28 NY3d 110, 115-116 [2018]; People v Taylor, 65 NY2d at 5; People v Suddard, 164 AD3d 950, 951 [2018], lv denied 32 NY3d 1178 [2019]; People v Brice, 146 AD3d 1152, 1154 [2017], lv denied 29 NY3d 996 [2017]; People v Cole, 118 AD3d 1098, 1099 [2014]). Contrary to defendant's suggestion, neither the apparent desire of the parties nor our authority to take corrective action in the interest of justice permits us to review issues forfeited by a plea of guilty (see CPL 470.15 [6]; People v Howe, 56 NY2d 622, 624 [1982]; People v Stephens, 122 AD2d 606, 608 [1986], lv denied 68 NY2d 817 [1986]; People v Morris, 111 AD2d 414, 414 [1985]). Finally, we note that defendant received the minimum sentence allowed by law and, as such, any claim that it is harsh and excessive is without merit.
Lynch, J.P., Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant could not have committed bail jumping in the second degree because there was no pending felony charge against her at the time of her nonappearance (see generally Matter of Natasha C., 80 NY2d 678, 681 [1993]). The criminal action against defendant terminated upon the imposition of her sentence (see CPL 1.20 [14]-[16]), and her subsequent nonappearance was not connected to an appeal or any other criminal action (see CPL 1.20 [18]; 460.50; compare People v Gilleo, 39 AD3d 560, 562 [2007] [nonappearance between conviction and sentencing]; People v Halm, 256 AD2d 630, 631 [1998], lv denied 92 NY2d 1049 [1999] [nonappearance following release on bail pending appeal]).