People v High (2021 NY Slip Op 06884)





People v High


2021 NY Slip Op 06884


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

110923
[*1]The People of the State of New York, Respondent,
v
Damien M. High, Appellant.

Calendar Date:October 19, 2021

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ.

Aaron A. Louridas, Delmar, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered September 25, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree (two counts).
Defendant was charged by indictment with two counts of criminal possession of a controlled substance in the third degree based on the recovery of crack cocaine from just outside of his residence during the execution of a search warrant. The warrant was premised upon information provided by a confidential informant (hereinafter CI). Defendant challenged the reliability of the information underlying the search warrant and the admissibility of certain of his statements to law enforcement. Following Darden and Huntley hearings, respectively, County Court found the information sufficiently reliable and the statements admissible. Defendant thereafter entered into a plea agreement, pleading guilty as charged with a promise of a maximum prison term of five years with three years of postrelease supervision. County Court ultimately imposed concurrent prison terms of four years, followed by three years of postrelease supervision. Defendant appeals.
Defendant argues that County Court erred in finding that probable cause supported the search warrant, as the CI who provided the underlying information was not shown to be reliable or trustworthy. Here, "the warrant application [was] supported by the sworn affidavit of an informant whose identity [was] disclosed to the issuing [j]udge" (People v David, 234 AD2d 787, 787-788 [1996], lv denied 89 NY2d 1034 [1997]; see People v Shoga, 89 AD3d 1225, 1230 [2011], lv denied 18 NY3d 886 [2012]). "A sworn statement of an identified member of the community attesting to facts directly and personally observed by him [or her] is in and of itself sufficient to support the issuance of a search warrant" (People v David, 234 AD2d at 788 [citations omitted]; see People v Hicks, 38 NY2d 90, 93 [1975]; People v Cowan, 177 AD3d 1173, 1174-1175 [2019], lv denied 34 NY3d 1127 [2020]). As the CI's identity was made known, in camera, to the issuing court and the statement was a firsthand account made under penalty of perjury, probable cause can be established without further need for "demonstrat[ing] the veracity and/or reliability of the CI and the basis of the CI's knowledge" (People v Oliver, 172 AD3d 1457, 1459 [2019], lv denied 34 NY3d 1080 [2019]; see People v Cowan, 177 AD3d at 1175).
County Court's credibility determinations relative to the Darden hearing "are accorded deference on appeal, and will not be disturbed unless they are not supported by the record" (People v Nettles, 186 AD3d 861, 863 [2020]; see People v Binion, 100 AD3d 1514, 1515 [2012], lv denied 21 NY3d 911 [2013]), and any minor discrepancies between the sworn statement underlying the search warrant application and the testimony at the Darden hearing a year later do not undermine the validity of the search [*2]warrant. Upon review, the Darden hearing transcript demonstrates that the CI's communications established probable cause (see People v Shoga, 89 AD3d at 1230; People v Lowe, 50 AD3d 516, 516 [2008], affd 12 NY3d 768 [2009]), and thus, County Court properly denied defendant's request to suppress the cocaine.
As to the statements defendant made at the time of his arrest and at the police station thereafter, "[o]n a motion to suppress, the People bear the burden of proving beyond a reasonable doubt that the defendant's statement[s] to police [were] voluntarily given, including that any custodial interrogation was preceded by the administration and the defendant's knowing waiver of his or her Miranda rights" (People v Garrand, 189 AD3d 1763, 1767 [2020] [internal quotation marks, brackets and citations omitted], lv denied 36 NY3d 1120 [2021]; see CPL 60.45; People v Muller, 155 AD3d 1091, 1092 [2017], lv denied 30 NY3d 1118 [2018]) and "were not the product of unduly coercive or deceptive police conduct" (People v Scaringe, 137 AD3d 1409, 1412 [2016], lv denied 28 NY3d 936 [2016]; see People v Jin Cheng Lin, 26 NY3d 701, 719 [2016]). "Determining whether a statement is voluntary is a factual issue governed by the totality of the circumstances and the credibility assessments of the suppression court in making that determination are entitled to deference" (People v Butcher, 192 AD3d 1196, 1197 [2021] [internal quotation marks and citation omitted], lv denied 36 NY3d 1118 [2021]; see People v Garrand, 189 AD3d at 1768). "Once the People have met their burden, the burden of persuasion shifts to the defendant to adduce evidence supporting his or her contention that he or she did not comprehend his or her rights" (People v Garrand, 189 AD3d at 1768 [internal quotation marks, brackets and citation omitted]; see People v Newell, 148 AD3d 1216, 1218 [2017], lv denied 29 NY3d 1035 [2017]).
Here, the arresting officer testified that he issued Miranda warnings to defendant at the time of his arrest, prior to any inculpatory statements, and that defendant acknowledged that he understood his rights and voluntarily waived them. The officer reminded defendant that those warnings still applied at the police station roughly an hour later, before further inculpatory statements were made; defendant again acknowledged his understanding and agreed to speak with the police. The officer denied making any promise to defendant in exchange for his cooperation. Defendant presented no evidence contradicting this version of events. County Court credited the officer's testimony, and we accord deference to that finding (see People v Vazquez, 145 AD3d 1268, 1270 [2016]; People v Nadal, 131 AD3d 729, 730 [2015], lv denied 26 NY3d 1041 [2015]; People v Cline, 192 AD2d 957, 958 [1993], lv denied 81 NY2d 1071 [1993]). Further, the mere presence of defendant's goddaughter and her children during the arrest and ensuing search did not create a substantial risk that defendant might [*3]falsely incriminate himself (see People v Mateo, 2 NY3d 383, 415-416 [2004], cert denied 542 US 946 [2004]; People v Cavallaro, 123 AD3d 1221, 1223 [2014]; People v Johnson, 177 AD2d 791, 792 [1991]). County Court did not err in declining to suppress defendant's statements to the police (see People v Nadal, 131 AD3d at 730; People v Cavallaro, 123 AD3d at 1223).
Finally, defendant contends that the sentence imposed was harsh and excessive. However, the sentence was consistent with the plea agreement and well below the statutory maximum term. We find no extraordinary circumstances here warranting a reduction of the sentence in the interest of justice (see People v Alolafi, 170 AD3d 1379, 1380 [2019]).
Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.