People v Lilliard (2022 NY Slip Op 03935)

People v Lilliard

2022 NY Slip Op 03935

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

110744
[*1]The People of the State of New York, Respondent,
v
K-Won Lilliard, Appellant.

Calendar Date:April 28, 2022

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ.

Catherine A. Barber, Guilderland, for appellant.
P. David Soares, District Attorney, Albany (Erin LaValley of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered April 17, 2018, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
In the early morning hours of June 21, 2017, the victim was injured in the course of a robbery outside of a Sunoco gas station in the City of Albany. Police responded and spoke to defendant, the clerk on duty at the gas station, who reported seeing a man arrive and get into the victim's car to engage in what he suspected was a drug deal. Investigators later viewed surveillance video from the gas station and came to believe that defendant was acting in concert with the individual who committed the robbery. As such, they returned to the gas station on the evening of June 22, 2017 and placed defendant under arrest. Defendant was then taken to the police station and advised of his Miranda rights before being interviewed regarding what had transpired.
As a result of defendant's alleged involvement in the robbery, he was charged in a six-count indictment with various offenses. Following a Huntley hearing, defendant's motion to suppress his statements was denied. He thereafter pleaded guilty to robbery in the second degree in satisfaction of the indictment and purportedly waived his right to appeal. The plea agreement contemplated that defendant would be sentenced, as a second felony offender, to five years in prison and five years of postrelease supervision. County Court subsequently denied defendant's pro se motion to withdraw his plea and imposed the agreed-upon sentence. Defendant appeals, and we affirm.
Initially, as the People concede, defendant's appeal waiver is invalid. "County Court failed to distinguish the waiver of the right to appeal from the other rights that defendant was forfeiting by pleading guilty and, further, neither adequately explained the nature of the waiver nor ascertained defendant's understanding of the ramifications thereof" (People v Alexander, 194 AD3d 1261, 1262 [2021] [citations omitted], lv denied 37 NY3d 1094 [2021]; accord People v Davis, 199 AD3d 1123, 1124 [2021], lv denied 37 NY3d 1160 [2022]). Those deficiencies were not cured by defendant's execution of a written waiver of appeal that we have previously found to be "overly broad, and County Court's colloquy did not cure its defects" (People v Stratton, 201 AD3d 1201, 1202 [2022] [citations omitted]; see People v Robinson, 195 AD3d 1235, 1236 [2021]).
Defendant next challenges the denial of his suppression motion. "[O]n a motion to suppress, the People bear the burden of proving beyond a reasonable doubt that the defendant's statements to police were voluntarily given, including that any custodial interrogation was preceded by the administration and the defendant's knowing waiver of his or her Miranda rights and were not the product of unduly coercive or deceptive police conduct" (People v High, 200 AD3d 1209, 1210 [2021] [internal quotation marks, brackets [*2]and citations omitted], lv denied 37 NY3d 1161 [2022]; see People v Teixeira-Ingram, 199 AD3d 1240, 1241 [2021]). The hearing testimony from a police officer and a detective who responded to the scene of the robbery reflect that defendant gave his account of the robbery in response to both asking him what had happened, and both denied that they had placed him under arrest, detained him or threatened him in any way. After viewing the surveillance video, the detective and another investigator returned to the gas station on the evening of June 22, 2017 and placed defendant under arrest, at which point defendant made the unprompted comment that "he knew [the police] were coming back because he's black and a convicted felon." Defendant was then taken to the police station, where both the testimony and a video recording reflect that he was administered Miranda warnings and proceeded to freely answer questions regarding his involvement in the robbery.
Defendant presented no evidence contradicting the foregoing proof, and we defer to County Court's assessment that it was credible (see People v High, 200 AD3d at 1211; People v Vazquez, 145 AD3d 1268, 1270 [2016]). As County Court found, the proof established that defendant was questioned as a witness on June 21, 2017 and, because no "reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" at that time, no Miranda warnings were required (People v McCoy, 89 AD3d 1218, 1219 [2011] [internal quotation marks and citation omitted], lvs denied 18 NY3d 959, 960 [2012]; see People v Lyons, 4 AD3d 549, 551-552 [2004]). The statement made by defendant upon his arrest on June 22, 2017 was also admissible despite the absence of prior Miranda warnings, as it was spontaneous and did not result from "'express questioning or its functional equivalent' by the police, or from any other external cause not generated by defendant himself" (People v Martin, 115 AD2d 178, 179 [1985], lv denied 67 NY2d 653 [1986], quoting Rhode Island v Innis, 446 US 291, 300-301 [1980]). Defendant was then administered Miranda warnings prior to any questioning at the police station and, after acknowledging that he understood his rights, waived them by "willingly discuss[ing] and answer[ing] questions" regarding his involvement in the robbery (People v Fiorino, 130 AD3d 1376, 1379-1380 [2015], lv denied 26 NY3d 1087 [2015]; see People v Sirno, 76 NY2d 967, 968 [1990]; People v Williams, 182 AD3d 776, 779 [2020], lvs denied 35 NY3d 1070, 1071 [2020]). Accordingly, defendant's motion to suppress his statements was properly denied.
Defendant goes on to argue that his plea was not knowing, voluntary and intelligent because evidence subsequently emerged suggesting that one of the counts for which he was indicted — although not the one to which he pleaded guilty — could not have been proven by the People. Defendant orally raised that argument before County Court, but did not include it in the later [*3]written motion to withdraw his plea that the court directed him to file, leaving it far from clear that the issue is preserved for our review (see People v Klinger, 129 AD3d 1115, 1116 [2015]; People v Devault, 124 AD3d 1140, 1140-1141 [2015], lv denied 25 NY3d 989 [2015]).[FN1] Even accepting that it is preserved, however, "a guilty plea signals [the] defendant's 'intention not to litigate the question of his [or her] guilt, and necessarily involves the surrender of certain constitutional rights, including the right to confrontation, the privilege against self incrimination and the right to trial by jury'" (People v Taylor, 65 NY2d 1, 5 [1985], quoting People v Lynn, 28 NY2d 196, 201-202 [1971]; see People v West, 189 AD3d 1981, 1982-1983 [2020], lv denied 37 NY3d 975 [2021]). A review of defendant's plea colloquy confirms that he "was adequately advised of the consequences of his plea," including that he was giving up the right to put the People to their proof on the charges against him, and he therefore "made a 'knowing, voluntary and intelligent choice among alternative courses of action'" by entering it (People v Griffin, 165 AD3d 1316, 1317 [2018], quoting People v Conceicao, 26 NY3d 375, 382 [2015]; see People v Nunez, 56 AD3d 897, 898 [2008], lv denied 11 NY3d 928 [2009]).
Finally, as defendant received the minimum prison term allowed by law (see Penal Law §§ 70.02 [1] [b]; 70.06 [6] [b]), his challenge to the agreed-upon sentence as harsh and excessive is meritless (see People v West, 189 AD3d at 1984). Defendant's remaining contentions have been examined and afford no basis for disturbing the judgment.
Clark, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's motion papers were not included in the record on appeal, but we take judicial notice of them as court records (see People v Trichilo, 199 AD3d 1125, 1126 [2021]).